**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

UNITED STATES OF AMERICA,

        Plaintiff,

vs.                                    Case No.:    3:10-cr-8-J-32JRK

SHERWIN ESTANISLAO,

        Defendant.
_____/

## ORDER

       Amendment 782 to the United States Sentencing Guidelines modified U.S.S.G. § 2D1.1(c)'s Drug Quantity Table, which provides the base offense levels for different quantities of various controlled substances. Amendment 782 reduced the base offense levels for most federal drug trafficking crimes by two levels. In July 2014, the United States Sentencing Commission ("Commission") promulgated Amendment 788 and amended U.S.S.G. § 1B1.10, which made Amendment 782 retroactive as of November 1, 2014. However, to help the courts, probation services, and the United States Attorney's Offices cope with the anticipated flood of § 3582(c)(2) motions[1], as well as to give prisoners time to receive the same transitional services that other federal inmates receive prior to release, the Commission enacted U.S.S.G. § 1B1.10(e).[2] That subsection provides that a "court shall not order a reduced term of imprisonment

---

[1]     An estimated 46,000 federal inmates will be eligible for a reduced sentence because of Amendment 782. Doc. 183 at 5; U.S.S.G. Supp. to App. C, Amend. 788 at 87 (Reason for Amendment). In the Middle District of Florida alone, the probation office expects to file 2,900 memoranda concerning whether prisoners may receive reductions under Amendment 782.

[2]     U.S.S.G. Supp. to App. C, Amend. 788 at 88 (Reason for Amendment).

1

based on Amendment 782 unless the effective date of the court's order is November 1, 2015, or later." U.S.S.G. § 1B1.10(e).

Before the Court is Defendant Sherwin Estanislao's Motion for Sentence Reduction Under Amendment 782 (Doc. 181), filed on January 28, 2015. The United States filed a Response on February 11, 2015. (Doc. 183). In the Motion, Defendant seeks to reduce his prison term under 18 U.S.C. § 3582(c)(2) based on Amendment 782 to the United States Sentencing Guidelines. (See Doc. 181 at 1). In addition, Defendant seeks release from custody prior to November 1, 2015 because, if granted, his sentence reduction could render him eligible for release before then. The United States agrees that Defendant is eligible for a sentence reduction because Amendment 782 reduces the applicable guideline range. (Doc. 183 at 1, 2, 13). However, in line with U.S.S.G. § 1B1.10(e), the United States opposes making such an order effective before November 1, 2015. (Doc. 183 at 1). Defendant argues that the Commission lacked statutory authority to promulgate § 1B1.10(e), that the delayed release provision is arbitrary and capricious, and that the delayed release provision violates separation of powers principles.

The Court has reviewed the facts in both the original presentence investigation report and the November 21, 2014 memorandum from the United States Probation Office. (Doc. 175). Having considered the factors set forth in 18 U.S.C. § 3553(a), as well as the nature and seriousness of any danger posed by a reduction of Defendant's sentence, see U.S.S.G. § 1B1.10, comment (n.1(B)(ii)), the Court determines that Defendant is eligible for a guideline reduction, and adopts the amended guideline

2

calculations agreed upon by the parties in Defendant's Motion (Doc. 181 at 1-2) and the government's Response (Doc. 183 at 2). The Court further agrees with the parties that Defendant is eligible for a downward departure comparable to what he received during the initial sentencing on account of providing substantial assistance. (Doc. 181 at 2; Doc. 183 at 2). However, the Court rejects Defendant's challenges to the constitutional and statutory validity of U.S.S.G. § 1B1.10(e)'s delayed release provision. In a well-reasoned order, my colleague, the Honorable James D. Whittemore, upheld the validity of § 1B1.10(e) against the same arguments Defendant raises here. <u>United States v. Taurino Espinoza</u>, Case No. 8:06-cr-389-T-27MAP (Doc. 59), 2015 WL 736396 (M.D. Fla. Feb. 20, 2015). I adopt and incorporate Judge Whittemore's opinion in full, and hold that § 1B1.10(e)'s delayed release provision is neither unconstitutional nor statutorily invalid.

The Court adds only the following observation regarding Defendant's separation of powers argument. Defendant contends that the Commission, by forbidding the courts from making sentencing reductions effective before November 1, 2015, encroached upon the judiciary's powers under Article III of the Constitution. (Doc. 181 at 15). But this argument is mistaken. The judiciary does not have inherent authority to reduce a prisoner's sentence merely because of a subsequent Guidelines amendment. To the contrary, the courts are forbidden from modifying a sentence once it is final, with only limited exceptions. 18 U.S.C. § 3582(c). The courts only have authority to reduce a prisoner's sentence on account of a retroactive Guideline amendment because Congress created that authority in the judiciary in the

first place, subject to the Commission's policy statements. 18 U.S.C. § 3582(c)(2). Congress then delegated power to the Commission to "specify in what circumstances and by what amount the sentences of prisoners serving terms of imprisonment… may be reduced," 28 U.S.C. § 994(u). When the Commission exercises that authority, it does not encroach on the judicial power because it is not limiting any power of the judicial branch except that which Congress gave the courts in the first instance. Cf. Boston-Bollers v. I.N.S., 106 F.3d 352, 355 (11th Cir. 1997) (provision of Antiterrorism and Effective Death Penalty Act that eliminated judicial review of final orders of deportation for certain criminals did not violate the separation of powers because the courts "have jurisdiction to review certain final orders of deportation… only because Congress has conferred it.") (quoting Duldulao v. I.N.S., 90 F.3d 396, 399-400 (9th Cir. 1996)); Auguste v. Attorney General, 118 F.3d 723, 726-27 (11th Cir. 1997) (same as to Congress's decision to eliminate judicial review of certain orders of removal). Indeed, the Supreme Court has noted that "the sentence-modification proceedings authorized by § 3582(c) are not constitutionally compelled," but instead represent "a congressional act of lenity intended to give prisoners the benefit of later enacted adjustments to the judgments reflected in the Guidelines." Dillon v. United States, 560 U.S. 817, 828 (2010). Simply put, "the scope of judicial discretion with respect to a sentence is subject to congressional control." Mistretta v. United States, 488 U.S. 361, 364 (1989). Thus, in enacting the delayed release provision of § 1B1.10(e), the Commission was acting in accord with its congressionally authorized delegation. Therefore, § 1B1.10(e) does not encroach on the judiciary's

Article III powers.  See United States v. Colon, 707 F.3d 1255, 1260 (11th Cir. 2013); see also United States v. Nunez, 479 F. App'x 889, 891 (11th Cir. 2012) ("Thus, Congress may, consistent with the separation of powers, limit the availability of sentence reductions under Section 3582(c)(2)…").

Consistent with U.S.S.G. §1B1.10(e)(1), and in light of the practical difficulties of a possible release date of Sunday, November 1, 2015, the effective date of this order shall be November 2, 2015.

Accordingly, it is hereby

**ORDERED**:

1. Defendant's Motion for Sentence Reduction Under Amendment 782 (Doc. No. 181) is **GRANTED** insofar as he requests a reduction in his sentence.

2. Defendant's Motion for Sentence Reduction Under Amendment 782 (Doc. 181) is **DENIED** insofar as he seeks release prior to November 1, 2015.

3. The Court reduces Defendant's sentence from a period of imprisonment of seventy-eight (78) months to **fifty-seven (57) months** or time served, whichever is greater as of November 2, 2015.  See U.S.S.G. §1B1.10(b)(2)(C).

4. All other provisions set forth in the Judgment (Crim. Doc. 155) shall remain in full force and effect.

5. The effective date of this order is November 2, 2015.

**DONE AND ORDERED** in Jacksonville, Florida, this 2nd day of March, 2015.

_____
TIMOTHY J. CORRIGAN
United States District Judge

lc 19

Copies to:
Counsel of Record
United States Marshals Service
United States Probation Office
Bureau of Prisons
Defendant